ORIGINAL

EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS        #3514
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:       Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 17 2006

at 3 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00189-03 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date: October 17, 2006 |
| | ) | Time: 3:30 p.m. |
| SHAWNA KAULUKUKUI,    (03) | ) | Judge: Honorable Leslie E. |
| | ) | Kobayashi |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

        Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the UNITED STATES OF AMERICA, by its attorney, the

United States Attorney for the District of Hawaii, and the

Defendant, SHAWNA KAULUKUKUI, and her attorney, Louis Ching,

Esq., have agreed upon the following:

1.    Defendant acknowledges that she has been charged in the Indictment with violating Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, and Title 18, United States Code, Section 2.

2.    Defendant has read the charges against her contained in the Indictment, and those charges have been fully explained to her by her attorney.

3.    Defendant fully understands the nature and elements of the crimes with which she has been charged.

4.    Defendant will enter voluntary pleas of guilty to Counts 1 and 16 of the Indictment charging her with conspiracy to possess with intent to distribute 50 grams or more of methmphetamine (Count 1) and using a telephone to facilitate distribution of methamphetamine (Count 16).  The prosecution agrees to move to dismiss Counts 5, 13, and 15 of the Indictment as to Defendant after sentencing.

5.    Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.    Defendant enters these pleas because she is in fact guilty of conspiracy to possess with intent to distribute and distribute 50 grams or more of methamphetamine and using a telephone to facilitate said distribution as charged in Counts 1

and 16 of the Indictment, and agrees that these pleas are voluntary and not the result of force or threats.

7. Defendant understands that the penalties for the offenses to which she is pleading guilty include:

**As to Count 1:**

a. A term of imprisonment of not less than ten year and up to life;

b. A fine of up to $4,000,000.00; and

c. A term of supervised release of not less than five years and up to life;

**As to Count 16:**

a. A term of imprisonment of not more than four years;

b. A fine of up to $250,000.00;

c. A term of supervised release of at least two years but not more than three years.

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable

to the prosecution will allow, though not require, the
prosecution to withdraw from this agreement at its option.

At the discretion of the Court, defendant may also be
denied any or all federal benefits, as that term is defined in 21
USC §862, (a) for up to five years if this is defendant's first
conviction of a federal or state offense consisting of the
distribution of controlled substances, or (b) for up to ten years
if this is defendant's second conviction of a federal or state
offense consisting of the distribution of controlled substances.
If this is defendant's third or more conviction of a federal or
state offense consisting of the distribution of controlled
substances, the defendant is permanently ineligible for all
federal benefits, as that term is defined in 21 U.S.C. §862(d).

8.    Defendant admits the following facts and agrees
that they are not a detailed recitation, but merely an outline of
what happened in relation to the charge to which Defendant is
pleading guilty:

a.    During the period from on or about January 1,
2002, to and including April 13, 2005, Defendant Shawna
Kaulukukui (hereinafter "Defendant Kaulukukui") did enter into an
agreement with her co-defendant Keith Imai and others, to
distribute methamphetamine in Hawaii.

b.    On December 9, 2004, Defendant Kaulukukui
received a call from co-defendant Keith Imai to discuss the

arrangements for Defendant Kaulukukui to pick up methamphetamine from co-defendant Keith Imai.

        c.    On December 10, 2004, Defendant Kaulukukui was stopped pursuant to a traffic violation.  A drug detection canine screen was performed on the vehicle that Defendant Kaulukukui was driving.  Based upon probable cause, a search warrant was obtained to search Defendant Kaulukukui's vehicle. Upon execution of the search warrant, approximately 51.5 grams of methamphetamine, was found within the vehicle.

        d.    The methamphetamine that was found in Defendant Kaulukukui's vehicle was submitted for a laboratory analysis which revealed a positive result for methamphetamine with a net weight of 51.5 grams and a purity of 97%.

        e.    The above described methamphetamine that was distributed by co-defendant Keith Imai to Defendant Kaulukukui was analyzed by the Drug Enforcement Administration Laboratory which resulted in a positive finding for methamphetamine in the amount of 51.5 grams with a purity of 97%.

        9.   Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10.  Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a.  The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant.  Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.  The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of

the presentence report, determine the facts relevant to
sentencing.

12.    The Defendant is aware that she has the right to
appeal the sentence imposed under Title 18, United States Code,
Section 3742(a).  Defendant knowingly waives the right to appeal,
except as indicated in subparagraph "b" below, any sentence
within the maximum provided in the statute(s) of conviction or
the manner in which that sentence was determined on any of the
grounds set forth in Section 3742, or on any ground whatever, in
exchange for the concessions made by the prosecution in this plea
agreement.

a.    The Defendant also waives her right to
challenge her sentence or the manner in which it was determined
in any collateral attack, including, but not limited to, a motion
brought under Title 28, United States Code, Section 2255, except
that defendant may make such a challenge (1) as indicated in
subparagraph "b" below, or (2) based on a claim of ineffective
assistance of counsel.

b.    If the Court imposes a sentence greater than
specified in the guideline range determined by the Court to be
applicable to the Defendant, the Defendant retains the right to
appeal the portion of her sentence greater than specified in that
guideline range and the manner in which that portion was

determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14.   The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.   The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15.   The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16.   Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.   If Defendant persisted in a plea of not guilty
to the charges against her she would have the right to a public
and speedy trial.   The trial could be either a jury trial or a
trial by a judge sitting without a jury.   The Defendant has a
right to a jury trial.   However, in order that the trial be
conducted by the judge sitting without a jury, the Defendant, the
prosecution and the judge all must agree that the trial be
conducted by the judge without a jury.

b.   If the trial is a jury trial, the jury would
be composed of twelve laypersons selected at random.   Defendant
and her attorney would have a say in who the jurors would be by
removing prospective jurors for cause where actual bias or other
disqualification is shown, or without cause by exercising
peremptory challenges.   The jury would have to agree unanimously
before it could return a verdict of either guilty or not guilty.
The jury would be instructed that the Defendant is presumed
innocent, and that it could not convict her unless, after hearing
all the evidence, it was persuaded of her guilt beyond a
reasonable doubt.

c.   If the trial is held by a judge without a
jury, the judge would find the facts and determine, after hearing
all the evidence, whether or not he or she was persuaded of the
Defendant's guilt beyond a reasonable doubt.

d.   At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on her own behalf.  If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e.   At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

f.   At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the indictment.

17.   Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

18.   Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20.  Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21.   The Defendant agrees that she will fully cooperate with the United States.

a.  She agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests her to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

b.  Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but she understands she may

11

have her counsel present at those conversations, if she so desires.

      c.  Defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests her to testify.

      d.  Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

      23.  Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.  Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 1 on the ground that Defendant has provided substantial assistance in the investigation or

prosecution of another person who has committed an offense. Defendant understands that:

        a.   The decision as to whether to make such a request or motion is entirely up to the prosecution.

        b.   This Agreement does not require the prosecution to make such a request or motion.

        c.   This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

        d.   Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

//

//

//

//

//

//

//

//

//

//

DATED:   Honolulu, Hawaii, _____ OCT 17 2006 _____ .

AGREED:


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


FLORENCE T. NAKAKUNI
Chief, Narcotics Section


CHRIS A. THOMAS
Assistant U.S. Attorney


SHAWNA KAULUKUKUI
Defendant


LOUIS CHING, Esq.
Attorney for Defendant


U.S. vs. Shawna Kaulukukui
CR. NO. 05-00189-03 DAE
Memorandum of Plea Agreement